**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 28, 2022

LETTER TO COUNSEL

RE:     *Ranada S. v. Commissioner, Social Security Administration*
        Civil No. SAG-21-318

Dear Counsel:

On February 8, 2021, Plaintiff Ranada S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1.  I have considered the parties' cross-motions for summary judgment.  ECF Nos. 10, 13.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Plaintiff filed her claim for benefits on April 18, 2012, alleging a disability onset date of July 20, 2010. Tr. 162-68.  Her claim was denied initially and on reconsideration. Tr. 95-100.  On September 18, 2014, an Administrative Law Judge ("ALJ") held a hearing. Tr. 29-76.  Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-27.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so Plaintiff filed a complaint in this Court. Tr. 546-48.  On September 18, 2017, the case was remanded by this Court. Tr. 549-52.  Another hearing was held before an ALJ on January 15, 2020. Tr. 509-45.  The ALJ again determined that Plaintiff was not disabled. Tr. 484-508.  The Appeals Council denied Plaintiff's request for review, Tr. 476-83, so the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "left parietal arteriovenous malformation, transient ischemic attack and cerebral infarction, seizure disorder/epilepsy, migraine, degenerative disc disease of the cervical spine, substance abuse, major depressive disorder, adjustment disorder, and anxiety disorder." Tr. 489.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she can only frequently
> push or pull with the right upper extremity.  She can only frequently operate foot

*Ranada S. v. Commissioner, Social Security Administration*
Civil No. SAG-21-318
January 28, 2022
Page 2

> controls with the right foot. She can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. She can only frequently rotate, flex, and extend the neck. She can only frequently reach with the right upper extremity. She can only frequently handle, finger, and feel with the right hand. She would need to avoid concentrated exposure to extreme cold, extreme heat, excessive noise, and excessive vibration. She would need to avoid all exposure to hazardous moving machinery and unprotected heights. She can only perform simple, routine, and repetitive tasks in a low stress work environment with "low stress" defined as no strict production quotas and she can only occasionally interact with the public, co-workers, and supervisors.

Tr. 493. After considering the testimony of a vocational expert ("VE"), the ALJ determined that while Plaintiff could not perform her past relevant work as a cleaner, she could perform other jobs existing in significant numbers in the national economy. Tr. 500-02. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 502.

Plaintiff raises three arguments on appeal, specifically that the ALJ erroneously: 1) failed to appropriately consider the limitations of Plaintiff's daily activities; 2) failed to properly consider Plaintiff's headaches; and 3) failed to provide appropriate weight to Plaintiff's treating physician's opinion. ECF No. 10 at 11-20.

Plaintiff first argues that the ALJ's RFC is not supported by substantial evidence because he failed to properly consider Plaintiff's daily activities. *Id.* at 12-15. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996). The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). "In other words, the ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). A proper narrative is necessary for judicial review. *See Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) ("Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence."). Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Here, the ALJ stated that Plaintiff's daily activities were "inconsistent with greater limitations than discussed," and cited to a 2012 Function Report in which Plaintiff stated she had "no problems with personal care" and "takes care of her two boys and cooks for them, cleans their room, helps with homework, bathes them, and sits outside with them when she is able. Along with this, she reported she takes care of pets and feeds, bathes, and cleans up behind them. She further reported she is able to perform household chores, such as cleaning, laundry, ironing, mopping

2

*Ranada S. v. Commissioner, Social Security Administration*
Civil No. SAG-21-318
January 28, 2022
Page 3

floors and taking out the trash with reminders." Tr. 497. While this Function Report is from almost a decade ago, during Plaintiff's hearing she testified that she helps her younger son with homework as she is able, plays on the computer, occasionally cooks, attends her children's football games, and travels with her fiancé to drop and pick her children up from school. Tr. 523-25. Therefore, while it may have been advisable for the ALJ to cite to Plaintiff's testimony in the hearing rather than the 2012 Function Report, Plaintiff's more recent testimony still indicates she has the ability to complete many daily activities. Additionally, the ALJ cited to evidence besides Plaintiff's daily activities to establish her RFC, including objective medical evidence, the lack of pain management treatment, and the lack of complaints in recent years regarding her headaches. Tr. 497. Therefore, the ALJ appropriately considered Plaintiff's daily activities and remand is not warranted.

Second, Plaintiff maintains that the ALJ failed to address the extent of Plaintiff's headaches. ECF No. 10 at 16-18. The ALJ noted that Plaintiff complained of headaches from 2011 and she began Depakote therapy towards the end of the year. Tr. 495-96. This treatment was effective at first and she reported only two headaches between December 2011 and March 2012, compared to two or three headaches a week prior to the Depakote therapy. Tr. 318-19, 496. However, in November 2012, Plaintiff complained that she was experiencing headaches two to three times a week. Tr. 324-25, 496. Yet, while Plaintiff testified at the hearing that she experiences headaches once or twice a day, the majority of medical record documentation between 2012 and 2019 consists of only sporadic emergency room visits for migraine headaches, seizures, or other complaints. Tr. 533. Accordingly, the ALJ noted that "[s]ince 2014, records generally establish that the frequency of [Plaintiff's] complaints of migraines . . . declined." Tr. 497. Therefore, due to the lack of medical documentation in addition to Plaintiff's daily activities, the ALJ determined that she could perform light work. Tr. 497-98. While Plaintiff argues that "[t]here is ample evidence of [Plaintiff's] migraines occurring on a consistent, daily basis," Plaintiff's record as demonstrated above does not support this claim. ECF No. 10 at 17. Therefore, the ALJ properly addressed Plaintiff's headaches and remand is not warranted on this issue.

Finally, plaintiff argues that the ALJ improperly weighted the medical opinion of plaintiff's treating physician, Elizabeth Barry, M.D. ECF No. 10 at 19-20. For claims filed before March 27, 2017, SSA "will evaluate every medical opinion we receive" according to factors such as whether the source examined and/or treated the plaintiff, whether the "source presents relevant evidence to support a medical opinion," whether the source's opinion is consistent with "the record as a whole," and whether the source is a specialist, among other factors. 20 C.F.R. § 416.927(c). "If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." *Id.* § 416.927(c)(2).

In this case, the ALJ considered two medical opinions from Dr. Barry. Tr. 498-99. In 2012, Dr. Barry opined that Plaintiff could safely return to work "based on her current better control" of her seizures and headaches. Tr. 276. The ALJ accorded this opinion great weight because it was "consistent with treatment records showing marked improvement with medication

*Ranada S. v. Commissioner, Social Security Administration*
Civil No. SAG-21-318
January 28, 2022
Page 4

as well as [Plaintiff's] report of fewer headaches and seizures with medication." Tr. 498-99.  While the ALJ could have provided more explanation regarding his evaluation of Dr. Barry's 2012 opinion and why it was not assigned controlling weight, this amounts to harmless error given that Dr. Barry reversed her opinion that Plaintiff could return to work as discussed below.

Dr. Barry's second medical opinion from 2015 states that Plaintiff "cannot drive, cannot work, and cannot take care of her two children."  Tr. 1008.  The ALJ assigned this opinion little weight because "[g]enerally, Dr. Barry failed to provide corroborating treatment records to substantiate this level of restriction despite her significant departure from her earlier finding that [Plaintiff] could return to work.  Likewise, the medical record failed to show any significant treatment for migraines and seizures during the period the opinion was rendered."  Tr. 499.  Here, the ALJ appropriately did not assign Dr. Barry's opinion controlling weight because, as he stated, it was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and it was "inconsistent with the other substantial evidence" in Plaintiff's record.  20 C.F.R. § 416.927(c)(2).  Accordingly, the ALJ properly considered Dr. Barry's medical opinions.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays*, 907 F.2d at 1456.  Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 10, is DENIED, and Defendant's Motion for Summary Judgment, ECF 13, is GRANTED.  The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge